UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60030-Civ-Graham/Torres

BENJAMIN GONZALEZ, JR.,

    Plaintiff,

v.

FRANKLIN COLLECTION SERVICE, INC.,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT[1]
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

## PARTIES

3.    Plaintiff, BENJAMIN GONZALEZ, JR., is a natural person who resides in Broward County, Florida.

---

[1] Pursuant to Fed. R. Civ. P. 15, Plaintiff amends his initial complaint prior Defendant's filing of an answer.

4. Defendant, FRANKLIN COLLECTION SERVICE, INC., is a corporation with its principal place of business at 2978 West Jackson Street, Tupelo, Mississippi 38803.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA and FCCPA.

## FACTUAL ALLEGATIONS

7. Defendant sought to collect an alleged debt from Plaintiff arising from Plaintiff's residential telephone service used by Plaintiff primarily for personal, family or household purposes.

8. On January 7, 2008, Defendant mailed Plaintiff a letter dated January 3, 2008, (the "January letter"), attached as Exhibit "A". Plaintiff received it shortly thereafter.

9. The January letter states in relevant part "Also, be advised to avoid the possibility of incurring court cost, attorney fees and interest, if allowed, the debt must be paid in full."

10. The U.S. Court of Appeals for the Eleventh Circuit has established the standard by which violations of the FDCPA are analyzed, *i.e.,* whether the

communication by the debt collector would mislead the "least sophisticated consumer". *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-78 (11th Cir. 1985).

11. The "least sophisticated consumer" would conclude from the language of the January letter, and Defendant's other correspondence, that he may be liable for attorney fees and that he may be sued.

12. Under Florida law attorney fees are not available for the claim alleged and Defendant knew it.

13. Defendant's client never or rarely authorizes or files suit on debts of the magnitude here - $217.20.

14. Defendant did not seek or obtain authority to file suit. It simply sent more letters.

15. The January letter states "Call (888) 215-8961 if you want to know if you are going to be sued." This statement implies that the question of whether Plaintiff will be sued has already been determined, which contradicts the other language in the letter suggesting that a suit *may* be filed and is deceptive.

16. Defendant's true purpose for its statement is to simply get the Plaintiff on the telephone to use other telephonic collection attempts or gain additional information about Plaintiff, for example, his current telephone number – not to inform Plaintiff if he will be sued – information purportedly unknown to Defendant.

17. Defendant bolsters its threat of litigation and creates additional mystery and fear in the mind of the reader by concluding its letter with the statement "This could be your final written notice from us," yet it sent Plaintiff at least two subsequent letters making the same empty threats.

18. On or about April 28, 2008, Defendant sent Plaintiff a letter dated April 28, 2008, ("the April letter"), attached as Exhibit "B". Plaintiff received it shortly thereafter.

19. The April letter states in relevant part:

> At this point there has not been any civil legal action initiated. Unless payment in full or other satisfactory arrangements are promptly made, a collection action may be commenced against you. In this occurs, you may be held liable by a court for court costs, attorney fees and other remedies, including garnishment as permitted by law.

20. Plaintiff did not pay the alleged debt nor did he "promptly" make arrangements to pay, nor has he been sued in the nearly one year since the April letter was sent.

21. The April letter is false deceptive and misleading in that it implies "prompt" payment or an agreement to pay is necessary to avoid litigation.

22. The April letter deceptively implies that Plaintiff may be sued and that he may be liable for attorney fees.

23. Defendant's letters were designed to coerce and intimidate Plaintiff by false, deceptive and misleading statements.

4

## COUNT I
## FALSE, DECEPTIVE AND MISLEADING STATEMENTS

24.     Plaintiff incorporates Paragraphs 1 through 23.

25.     Defendant's letters contain false deceptive and misleading statements in violation of 15 U.S.C §1692e. See *Brown v. Card Serv. Ctr*., 464 F.3d 450, 455 (3d Cir. Pa. 2006) threats of action not intended to be taken, never taken or rarely taken are false, deceptive and misleading in violation of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

## COUNT II
## FALSE, DECEPTIVE AND MISLEADING THREAT OF LITIGATION

26.     Plaintiff incorporates Paragraphs 1 through 23.

27.     Defendant's letters falsely, deceptively and misleadingly threaten litigation in violation of 15 U.S.C §1692e. See *Brown v. Card Serv. Ctr*., 464 F.3d 450, 455 (3d Cir. Pa. 2006) threats of action not intended to be taken, never taken or rarely taken are false, deceptive and misleading in violation of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE, DECEPTIVE AND MISLEADING THREAT OF LIABILITY FOR ATTORNEY FEES

28.    Plaintiff incorporates Paragraphs 1 through 23.

29.    Defendant's letters falsely, deceptively and misleadingly threaten Plaintiff may be liable for attorney fees in violation of 15 U.S.C §1692e. See *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. Pa. 2006) threats of action not intended to be taken, never taken or rarely taken are false, deceptive and misleading in violation of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE, DECEPTIVE AND MISLEADING THREAT OF ACTION NOT INTENDED TO BE TAKEN

30.    Plaintiff incorporates Paragraphs 1 through 23.

31. Defendant's letters falsely, deceptively and misleadingly threaten litigation when no such action was intended in violation of 15 U.S.C §1692e(5). See *Brown v. Card Serv. Ctr*., 464 F.3d 450, 455 (3d Cir. Pa. 2006) threats of action not intended to be taken, never taken or rarely taken are false, deceptive and misleading in violation of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT V
### USE OF FALSE REPRESENTATIONS OR DECEPTIVE MEANS TO COLLECT A DEBT OR TO OBTAIN INFORMATION ABOUT PLAINTIFF

32. Plaintiff incorporates Paragraphs 1 through 23.

33. Defendant's January letter states that Plaintiff should telephone Defendant to find out if he will be sued when the true purpose of the proposed telephone call was to simply engage in telephonic collection attempts or to gain information about the Plaintiff in violation of 15 U.S.C §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT VI
## USE OF FALSE REPRESENTATIONS OR DECEPTIVE MEANS TO COLLECT A DEBT

34. Plaintiff incorporates Paragraphs 1 through 23.

35. Defendant's letters use false representations or deceptive means in an effort to collect an alleged debt in violation of 15 U.S.C §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT VII
## FALSE REPRESENTATION OF THE CHARACTER, AMOUNT OR LEGAL STATUS OF A DEBT

36. Plaintiff incorporates Paragraphs 1 through 23.

37. Defendant's letters falsely represent the character, amount or legal status of the alleged debt as encompassing attorney fees in violation of 15 U.S.C §1692e(2)(A). See *Brown v. Card Serv. Ctr*., 464 F.3d 450, 455 (3d Cir. Pa. 2006) threats of action not intended to be taken, never taken or rarely taken are false, deceptive and misleading in violation of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VIII
## HARASSMENT AND ABUSE IN VIOLATION OF Fla. Stat. §559.72 (7)

38. Plaintiff incorporates Paragraphs 1 through 23.

39. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass in violation of Fla. Stat. §559.72 (7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IX
## FALSE CLAIM OF LEGAL RIGHT TO ATTORNEY FEES VIOLATION OF Fla. Stat. §559.72 (9)

40. Plaintiff incorporates Paragraphs 1 through 23.

41. Defendant threatened a right to attorney fees when it knew no such right existed in violation of Fla. Stat. §559.72 (9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT X
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

42.    Plaintiff incorporates Paragraphs 1 through 23.

43.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA.

44.    Plaintiff seeks a permanent injunction prohibiting Defendant from violation of the FCCPA as complained of herein.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a.    declaring that Defendant's practices violate the FCCPA;

    b.    permanently injoining Defendant from engaging in the violative practices;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                              Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60030-Civ-Graham/Torres

BENJAMIN GONZALEZ,

      Plaintiff,

v.

FRANKLIN COLLECTION SERVICE, INC.,

      Defendant.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on February 21, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    s/Donald A. Yarbrough
                                    Donald A. Yarbrough, Esq.

## SERVICE LIST

Franklin Collection Service, Inc.
2978 West Jackson Street
Tupelo, Mississippi  38803

Via Service of Process